IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CITY OF PHILADELPHIA,<br><br>    *Appellant*,<br><br>v.<br><br><br>NORMAN L. WALKER,<br>    *Appellee*. | CIVIL ACTION<br>NO. 15-01685 |

## MEMORANDUM

**PAPPERT, J.**                              November 23, 2015

    The City of Philadelphia ("City") appeals a decision by the United States Bankruptcy Court ("bankruptcy court") awarding costs and attorneys' fees to counsel for the debtor, Norman L. Walker ("debtor" or "Walker"), as well as to a lawyer retained by the debtor's counsel to represent him at the fee application hearing.  The bankruptcy court found that the City violated the automatic stay when it attempted, through another entity, to collect overdue real estate taxes from Walker after he filed for bankruptcy.  The court acknowledged that it did not know "that the debtor has not been injured" by the violation of the automatic stay.  The court nonetheless concluded that the debtor's counsel, along with counsel's own attorney, were entitled to costs and attorneys' fees under 11 U.S.C. Section 362(k).  The City contends that the bankruptcy court erred in awarding costs and fees in the absence of any proven injury to the debtor.  The City is correct and for the reasons stated below the Court reverses the bankruptcy court's decision.

I.

    On April 4, 2012, Walker filed a Chapter 13 bankruptcy petition.  (Statement of Uncontested Facts ¶ 1, ECF No. 8.)  At the time of his petition, Walker owned the property at

1

252 Colonial Street, Philadelphia, Pennsylvania.  (*Id.* ¶ 3.)  As of August 1, 2012, Walker had not paid his 2012 real estate taxes on the property.  (*Id.* ¶ 3–4.)  The City referred the matter to the firm of Goehring Rutter & Boehm ("GRB").  (*Id.*)  GRB subsequently made two telephone calls and mailed two notices to Walker regarding his unpaid taxes.  (*Id.* ¶ 3–11.)

Walker filed a complaint against the City and GRB in the bankruptcy court on December 6, 2012, seeking damages for an alleged violation of the automatic stay pursuant to 11 U.S.C. Section 362(a).  (*Id.* ¶ 12.)  The City notified GRB of Walker's complaint and stopped any activity with regard to tax collection.  (*Id.* ¶ 13.)  The complaint alleged, *inter alia*, that the City violated the automatic stay, Fair Debt Collection Practices Act ("FDCPA"), and Unfair Trade Practices and Consumer Protection Law, 73 P.S. Section 201 ("UTPCP"), and that Walker suffered emotional distress as a result of these violations.  (Complaint ¶¶ 31–43, ECF No. 8.) The bankruptcy court eventually dismissed most of the claims, allowing the allegations that the City violated the automatic stay and that the violation caused Walker emotional distress to proceed.  *See Walker v. City of Philadelphia*, No. CIV. A. 12-13341, at *1–2 (Bankr. E.D. Pa. Mar. 13, 2015).

On January 5, 2014, Walker filed a motion for summary judgment with respect to the remaining claims.  *Id.* at *2.  The City filed its own motion for summary judgment on January 31, 2014.  *Id.*  On March 5, 2013, the bankruptcy court granted both motions in part.  *Id.*  The court concluded that the City willfully violated the automatic stay, but dismissed Walker's claims for emotional distress and punitive damages.  *Id.*

On June 30, 2014, Walker filed an application for attorneys' fees to which the City objected and the bankruptcy court held a hearing on September 16, 2014.  *Id* at *4.  At the hearing, Robin A. Feeney, Esquire ("Feeney") represented Walker's counsel, Ronald McNeil,

2

Esquire ("McNeil"). *Id.* at *17. After the hearing, Feeney submitted her own fee application, to which the City objected on November 17, 2014. *Id.* at *17–19.

On March 13, 2015, the bankruptcy court entered an order awarding McNeil and Feeney attorneys' fees and costs. *Id.* at *19. McNeil was awarded $8,674.00 in attorneys' fees and $652.89 in costs for a total of $9,326.89, while Feeney was awarded $2,750 in attorneys' fees. *Id.* at *5, 17, 19. On March 27, 2015, the City appealed the order to this Court. (ECF No. 1.) The City filed its brief on July 15, 2015. (ECF No. 13.) Walker responded on August 10, 2015. (ECF No. 15.) The City replied on August 24, 2015. (ECF No. 16.) The Court heard oral argument on November 6, 2015 (ECF No. 21) and has reviewed the entire record. While the City's appeal raises fourteen separate issues, the central matter in the appeal is whether or not the debtor must prove an injury before costs or attorneys' fees may be awarded under Section 362(k)(1). (Appellant's Brief at 1–3.)

## II.

This Court has jurisdiction of the appeal under 28 U.S.C. Sections 158(a)(1) and 1334. Whether the bankruptcy court applied the proper standards or procedures is a question of law subject to plenary review. *See Rode v. Dellarciprete*, 892 F.2d 1177, 1182 (3d Cir. 1990); *see also Student Pub. Interest Research Grp. of New Jersey, Inc. v. AT & T Bell Labs.*, 842 F.2d 1436, 1441 (3d Cir. 1988). The bankruptcy court's factual findings are reviewed under a clearly erroneous standard. *See Rode*, 892 F.2d at 1182–83; *see also Silberman v. Bogle*, 683 F.2d 62, 65 (3d Cir. 1982).

## III.

The bankruptcy court's decision first addressed the issue of whether or not Walker could recover fees for prosecuting an action under Section 362(k). *Walker*, No. CIV. A. 12-13341, at

\*6. The court stated that "courts in this Circuit regularly award[] attorney[s'] fees to a debtor following the violation of the automatic stay." *Id.* The court then "follow[ed] the well reasoned law in this Circuit" and found "that the Debtor [was] entitled to attorney[s'] fees for the City's violation of the automatic stay." *Id.* at \*7.

Furthermore, the court found that Walker should recover fees even though he did not recover other damages. *Id.* The court noted that "it has not, in fact, been determined that the City's violation of the automatic stay failed to cause the Debtor injury." *Id.* GRB had settled Walker's case against it and the court reasoned that "the debtor's settlement with GRB—the exact terms of which are unknown—suggests that the Debtor has, in fact, suffered injury" and that the court does "not know, as the City contends, that the Debtor has not been injured by the Defendants' violation of the automatic stay." *Id.* The court concluded that "the City [] failed to show that the City did not cause the Debtor actual injury." *Id.* at \*8.

The court also granted Feeney's fee application for representing McNeil. *Id.* at \*17. The court found that Feeney's fees were "reasonable and necessary under the circumstances."[1] *Id.* at \*18. The court stated that the City vigorously "litigated the matter," which made it "reasonable and necessary" for Walker's counsel to retain Feeney. *Id.*

### IV.

A plain reading of the statute reveals that the bankruptcy court failed to apply the proper legal standard when it awarded McNeil and Feeney their fees and costs. The statute states: "[A]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney[s'] fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1). The statute is straightforward, requiring the debtor to

---

[1] The court's decision spends significant time calculating Walker's counsel's fees and Feeney's fees. *Walker*, No. CIV. A. 12-13341, at \*13–19. Because this Court finds that the bankruptcy court erred in awarding the fees, it need not evaluate their reasonableness.

prove three elements: (1) the offending party violated the automatic stay; (2) the violation was willful; and (3) that the willful violation caused the debtor an injury. *In re Miller*, 447 B.R. 425, 433 (Bankr. E.D. Pa. 2011). The City does not contest that it willfully violated the stay, but it does argue that Walker failed to prove that the willful violation of the stay caused him an injury. (Appellant's Reply at 7.)

### A.

It is the debtor's burden to prove injury. *See, e.g.*, *In re Brown*, No. BR 12-14058, 2012 WL 3908029, at *8 (Bankr. E.D. Pa. Sept. 7, 2012) ("[U]nder 11 U.S.C. § 362(k) the debtors have the evidentiary burden to demonstrate that the respondents' willful violation of the bankruptcy stay caused them injury."); *In re Miller*, 447 B.R. 425, at *434 ("Debtors' failure to prove some injury arising from Ettinger's willful stay violation is fatal to their Sanctions Motion. Without injury, Debtors are missing the critical third element required for an order of sanctions pursuant to Section 362(k)(1)."); *In re Wingard*, 382 B.R. 892, 904 (Bankr. W.D. Pa. 2008) ("Given the fact that the Court has concluded that the Defendants have willfully violated the automatic stay, and given the fact that the Court has concluded that psychological injury is one of the types of injuries compensable under 11 U.S.C. § 362(k)(1), the Court now turns its attention to whether the Wingards have proven that they were injured by the Defendants' conduct.").

Section 362(k)(1) makes clear that injury is a condition precedent to any request for actual damages: "an individual *injured* by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney[s'] fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1) (emphasis added). In support of its decision to award attorneys' fees, the bankruptcy court cited several decisions that "award[ed] attorney[s'] fees to a debtor following the violation of [an] automatic stay." *Id.* at

*6–7. These decisions, however, first found that the debtor proved the willful violation of the stay caused the debtor an injury *before* awarding attorneys' fees. *See, e.g.*, *In re Dean*, 490 B.R. 662, 667 (Bankr. M.D. Pa. 2013) ("For purposes of § 362(k), [a]ctual damages are amounts awarded . . . to compensate for a proven injury or loss; damages that repay actual losses.") (citations omitted) (internal quotation marks omitted); *In re Keppel*, No. 09-22293REF, 2009 WL 9083711, at *7 (Bankr. E.D. Pa. Nov. 13, 2009) ("The refusal of the former girlfriend and her counsel to undo the wrongful seizure of Debtors' property after the demand by Debtors' attorney constitutes 'appropriate circumstances' for awarding punitive damages in the amount of $2,000 pursuant to Section 362(k)(l)."); *In re Dunn*, No. 05-25370 REF, 2006 WL 6627088, at *4 (Bankr. E.D. Pa. July 10, 2006) ("I find that Debtors suffered three specific types of actual damages caused by Easton's repossession of the Rodeo.").

In *In re Rashid*, No. CIV. A. 95-4243, 1998 WL 288426, at *1 (E.D. Pa. June 3, 1998), the debtor brought an action for violation of the automatic stay after the United States Attorney filed a forfeiture judgment as a lien after the debtor filed a Chapter 7 bankruptcy petition. *Id.* The bankruptcy court granted summary judgment against the debtor and denied his request for compensatory and punitive damages because he failed to provide any evidence that he was injured by the lien. *Id.* The district court affirmed: "No damages can be 'awarded as a result of the violation of the automatic stay . . . [if] there was no evidence that the debtor suffered any harm.'" *Id.* at *3 (quoting *In re Whitt*, 79 B.R. 611, 616 (Bankr. E.D. Pa. 1987)). The debtor appealed the district court's decision and the Third Circuit Court of Appeals affirmed:

> An injured debtor may only recover actual damages including attorneys' fees for a willful violation of a stay and, in appropriate circumstances, may recover punitive damages. We agree with the Bankruptcy and District Courts that Rashid cannot allege any injury from the lien . . . . Accordingly, Rashid's request for damages is without merit and was properly dismissed.

*In re Rashid*, 210 F.3d 201, 209 (3d Cir. 2000).

Other Courts of Appeals have also concluded that an injury is a condition precedent to an award of damages. *See, e.g.*, *Lodge v. Kondaur Capital Corp.*, 750 F.3d 1263, 1272 (11th Cir. 2014) ("Because the Lodges failed to show an emotional injury sufficient to support a recovery of actual damages under § 362(k), the district court did not err in granting summary judgment in favor of the defendants as to the automatic stay claim."); *Garden v. Cent. Nebraska Hous. Corp.*, 719 F.3d 899, 906 (8th Cir. 2013) ("To recover under § 362(k), the debtor must show that the creditor's violation of the automatic stay was willful and that the violation injured the debtor."); *In re Repine*, 536 F.3d 512, 519 (5th Cir. 2008) ("The Bankruptcy Code creates a private right of action for a debtor, like Repine, to bring an action against a person who willfully violates the automatic stay to the injury of the debtor."); *Lovett v. Honeywell, Inc.*, 930 F.2d 625, 628 (8th Cir. 1991) ("To recover under section 362(h) [now 362(k)], the party seeking the award must show that he was injured by the violation of the stay and that the violation was willful.").

**B.**

Even if Walker had proven some form of an injury, *Baker Botts L.L.P. v. ASARCO, LLC*, 135 S. Ct. 2158 (2015) prohibits bankruptcy courts from awarding attorneys' fees to counsel for work performed in defending a fee application.[2] In *Baker Botts*, two law firms represented the debtor during its Chapter 11 bankruptcy reorganization and sought compensation under Section 330(a)(1) of the Bankruptcy Code. *Id.* at 2163. The bankruptcy court awarded $120 million for services rendered in the bankruptcy proceeding and $5 million for time spent defending the law firms' fee applications. *Id.* The debtor appealed the $5 million award. *Id.* The Supreme Court held that the language of Section 330(a)(1) did not displace the "American Rule," which states that "[e]ach litigant pays his own attorney[s'] fees, win or lose, unless a statute provides

---

[2] *Baker Botts* was decided on June 15, 2015, three months after the court's March 13, 2015, decision.

7

otherwise." *Id.* at 2164. "[T]he phrase 'reasonable compensation for actual, necessary services rendered' [in Section 330(a)(1)] neither specifically nor explicitly authorizes courts to shift the costs of adversarial litigation from one side to the other." *Id.* at 2165.

The Supreme Court concluded that "[i]n our legal system, *no* attorneys, regardless of whether they practice in bankruptcy, are entitled to receive fees for fee-defense litigation absent express statutory authorization. Requiring bankruptcy attorneys to pay for the defense of their fees thus will not result in any disparity between bankruptcy and nonbankruptcy lawyers." *Id.* at 2168. *Baker Botts* expressly disallows any award of costs or attorneys' fees to Feeney for her representation of McNeil in his fee application hearing.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.